# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES COHENS, | : | **PRISONER HABEAS CORPUS** |
| BOP Reg. # 90109-071, | : | **28 U.S.C. § 2241** |
|     Petitioner, | : | |
| | : | |
|   v. | : | |
| | : | |
| JEFF SESSIONS et al., | : | **CIVIL ACTION NO.** |
|     Respondents. | : | **1:17-CV-1796-TWT-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

Petitioner, James Cohens, confined in the United States Penitentiary in Atlanta, Georgia, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, also styled as a petition for a writ of *coram nobis* or *audita querela*. [Doc. 1.] Petitioner has also submitted an incomplete application for leave to proceed *in forma pauperis*. [Doc. 2.]

The matter is before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 actions, as provided in Rule 1(b). Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient

on its face").

For the reasons discussed below, the undersigned **RECOMMENDS** that the petition, [Doc. 1], be **DISMISSED WITHOUT PREJUDICE** as premature. For the purpose of dismissal only, Petitioner's application for leave to proceed *in forma pauperis*, [Doc. 2], is **GRANTED**.

## I.  Discussion

Petitioner is currently awaiting trial on federal criminal charges in the Northern District of Georgia. *See United States v. Cohens*, No. 1:14-cr-103-WBH-AJB-1 (N.D. Ga. filed Mar. 25, 2014). In the present petition, executed on May 8, 2017, Petitioner claims that (1) the District Court lacks subject matter jurisdiction in his criminal case, (2) he has been subjected to "undue delay" in his criminal case, (3) "with good conduct time, [he] has already served more time than [his] offenses carry," (4) unlawful warrants were issued against him, and (5) he has received ineffective assistance of counsel. [Doc. 1 at 1-2.] Petitioner seeks immediate release from confinement. [*Id.*]

The petition is premature because claims involving Petitioner's criminal case "are properly brought during his criminal case and subsequent direct appeal, should he choose to file one." *Garcon v. Palm Beach Cty. Sheriff's Office*, 291 Fed. Appx. 225,

AO 72A
(Rev.8/8
2)

226 (11th Cir. Aug. 22, 2008) (per curiam) (dismissing as premature § 2241 petition filed by federal pretrial detainee). Accordingly, the petition should be dismissed without prejudice.

Petitioner's alternative requests for a writ of *coram nobis* or *audita querela* are also premature because he has not yet been convicted and is currently in custody.

> Certain common-law writs may be used to "fill the interstices of the federal post-conviction remedial framework." [*United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (internal quotation marks omitted)]. However, a "writ of *audita querela* may not be granted when relief is cognizable under [28 U.S.C.] § 2255," regardless of whether a § 2255 motion would have succeeded. *Id.* In addition, a writ of *coram nobis* is unavailable to federal prisoners. *See United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir.1999) ("*Coram nobis* relief is unavailable to a person . . . who is still in custody.").

*United States v. Searcy*, 448 Fed. Appx. 984, 985 (11th Cir. Dec. 14, 2011) (per curiam). Therefore, Petitioner is not entitled to any relief in the present case.

## II.    <u>Conclusion</u>

For the reasons stated above,

**IT IS ORDERED** that Petitioner's application for leave to proceed *in forma pauperis*, [Doc. 2], is **GRANTED** for the purpose of dismissal only.

**IT IS RECOMMENDED** that Petitioner's § 2241 petition for a writ of habeas corpus, also styled as a petition for a writ of *coram nobis* or *audita querela*, [Doc. 1],

3

AO 72A
(Rev.8/8
2)

be **DISMISSED WITHOUT PREJUDICE** as premature. Because a federal prisoner

does not require a certificate of appealability (COA) to appeal the dismissal of a § 2241

petition; *see Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003); the

undersigned offers no COA recommendation in this matter.

  The Clerk is **DIRECTED** to terminate the referral to the undersigned.

  **IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  23rd 

day of May, 2017.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

4